# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE IRAEL ALVAREZ,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 3:15-cv-00363-RCJ-WGC

**ORDER**

Before the court are the second amended petition for writ of habeas corpus (ECF No. 34), respondents' motion to dismiss (ECF No. 41), petitioner's opposition (ECF No. 43), and respondents' reply (ECF No. 48). The court grants the motion in part and dismisses the action because all five grounds of the second amended petition are untimely and do not relate back to a timely filed petition.

## Procedural History

After a jury trial, petitioner was convicted of one count of trafficking in a controlled substance, four counts of allowing a child to be present during the commission of certain violations which involve controlled substances other than marijuana, one count of failure to stop on the signal of a peace officer, causing property damage, one count of offer, attempt or commission of unauthorized act relating to a controlled or counterfeit substance, two counts of battery with a deadly weapon, one count of assault with a deadly weapon, and four counts of abuse, neglect or endangerment of a child, not causing substantial bodily harm. Ex. 81 (ECF No. 15-10). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 104 (ECF No. 15-33).

Petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 111 (ECF No. 16-5). The state district court appointed counsel, who filed a supplement. Ex. 137 (ECF No. 16-31). The state district court denied the petition and supplement. Ex. 148 (ECF No. 17-7). Petitioner appealed. The Nevada Supreme Court affirmed. Ex. 174 (ECF No. 17-33).

Petitioner then commenced this action with his original petition for a writ of habeas corpus (ECF No. 6). In response to a motion to dismiss (ECF No. 12), petitioner moved to stay the action and to file an amended habeas corpus petition. The court then appointed counsel, who filed the second amended petition. The motion to dismiss followed.

## Untimeliness

The parties agree on three things. First, the original, proper-person habeas corpus petition (ECF No. 6) was timely filed. Second, the first amended, proper-person habeas corpus petition (ECF No. 20)[1] was not timely filed. Third, the second amended, counseled habeas corpus petition (ECF No. 34) is not timely filed. For the grounds in the second amended petition to be timely, they must relate back to the original petition. An amended habeas corpus petition "does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)'s] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Id. at 664.

Respondents argue that all five grounds of the second amended petition do not relate back to the original petition. The court agrees.

Amended ground 1[2] is a claim that the evidence was insufficient to support the conviction for trafficking in a controlled substance (count 1). Respondents argue that amended ground 1 shares

---

[1]This docket number is the motion for leave to amend. Although the court granted the motion, the amended petition was not docketed separately. The court will not docket the first amended petition now because it will only cause confusion.

[2]The court will refer to each ground of the second amended petition as "amended ground," and the court will refer to each ground of the original petition as "original ground."

-2-

no common core of operative fact with any claim in the original petition. Petitioner argues that amended ground 1 relates back to original ground 3. Original ground 3 features prominently in many of petitioner's arguments for relation back, so the court reproduces it here.

> I allege that my state court conviction and/or sentence are unconstitutional, in violation of my Fourteenth Amendment right to effective counsel on appeal, based on these facts:
>
> Petitioner Jose Irael Alvarez alleges that his convictions in counts II through V; and VIII through X is unconstitutional because the evidence is highly insufficient to sustain the convictions was prejudicial due to appellate counsel Martin Crowley failing to raise the issue of the insufficiency of the evidence thats relative to counts II through counts V and counts VIII through X. Petitioner Jose Irael Alvarez states that his appellate counsel testified at the evidentiary hearing and stated on the record that issues of the ineffectiveness on appellate counsel Martin Crowley was the statement on record "only chance" was to attack the sufficiency of count I offered by the state at petitioner's trial. Although appellate counsel raised to issues of insufficiency of the evidence of drug trafficking count because the detectives, Nevada tack force found absolutely no evidence linking petitioner with actual constructive possession of any drugs of any drugs activity on the date in question. This issue was indeed meritorious and could have made a different in petitioner's appeal proceedings. This was indeed an instance of constitutional pain error which under federal affects petitioner's substantial rights to due process. Petitioner claims has merits.

ECF No. 6, at 9. Petitioner points to the statement in original ground 3, beginning with "Although appellate counsel," as support for his argument that amended ground 1 relates back. That statement has two problems. First, it contains no facts, only a mention that counsel had challenged the sufficiency of the evidence in a prior proceeding. Second, it contains no operative facts. Petitioner does not claim in original ground 3 that the evidence was insufficient to support the conviction for trafficking. Petitioner does claim in original ground 3 that appellate counsel was ineffective for not challenging the sufficiency of the evidence of other counts on direct appeal, because appellate counsel did challenge the sufficiency of the evidence for count 1. In other words, petitioner is using that statement as a counter-example, but the statement itself is not operative, and it contains no facts. The statement is insufficient for amended ground 1 to relate back to original ground 3.

To the extent that petitioner argues that the exhibits attached to the original petition are part of the original petition itself, and that amended ground 1 relates back to them, the court is not persuaded. Petitioner can incorporate documents by referring to them clearly and repeatedly to satisfy the specific pleading requirement of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Dye v. Hofbauer, 546 U.S. 1, 4 (2005) (per curiam). However, to incorporate a part of a document by reference, petitioner must actually refer to that document.

Petitioner makes no such references in original ground 3. Whether by allegation or incorporation by reference, Rule 2(c) requires petitioner to specify all the grounds available to him and to allege the facts supporting each ground. Petitioner cannot attach documents to a petition, make vague or no reference to them, and then expect both the court and respondents to sift through those documents to create claims separate from what he alleged in the petition itself. That would nullify the pleading requirement of Rule 2(c). Amended ground 1 does not relate back to the original petition.

In amended ground 2, petitioner claims that appellate counsel failed to challenge the sufficiency of the evidence for four counts of allowing a child to be present during the commission of certain violations which involve controlled substances other than marijuana (counts 2 through 5). Petitioner's argument for relation back is similar to his argument for amended ground 1, and it is equally unpersuasive. First, petitioner argues that amended ground 2 relates back to original ground 3. Original ground 3 contains a claim that appellate counsel failed to challenge the sufficiency of the evidence supporting the convictions on counts 2 through 5, among other counts. The problem is that petitioner alleged no facts in support of his claim in original ground 3. Consequently, there are no operative facts to which amended ground 2 can relate back. Second, petitioner again directs the court to documents attached to the original petition: An appellate brief and an order of the Nevada Supreme Court. Again, original ground 3 made no reference to those documents. The court and respondents are not required to sift through those documents to find petitioner's claims. Amended ground 2 does not relate back to the original petition.

In amended ground 3, petitioner claims that appellate counsel failed to argue that the conviction of trafficking (count 1) and the convictions of allowing a child to be present during the commission of certain violations which involve controlled substances other than marijuana (counts 2-5) violate the Double Jeopardy Clause. Petitioner again argues that this ground relates back to original ground 3 and to documents attached to the original petition. Original ground 3 contained no facts that could relate to a double-jeopardy argument. As for the documents attached to the original petition, that argument fails for the same reasons why it failed for amended grounds 1 and 2. Amended ground 3 does not relate back to the original petition.

Amended ground 4 claims that trial counsel failed to move to have illegally obtained evidence suppressed, because the events necessary to trigger the anticipatory search warrant never came to fruition. Original ground 1 contained a claim that trial counsel failed to move to suppress. It was, in full: "Counsel [ . . . ] failure to file a single motion to suppress evidence based on the Detective Guerra's invalided warrant violated petitioner's due process right to a fair trial." ECF No. 6, at 4 (redaction in original). This claim in original ground 1 did not contain any facts. Petitioner also argues that the claim relates back to documents attached to the original petition. That argument fails for the same reason why it failed for amended grounds 1, 2, and 3. Amended ground 4 does not relate back to the original petition.

Amended ground 5 claims that trial counsel failed to object to inappropriate statements that the prosecutor made during closing arguments. Specifically, the prosecutor was present at the locations where petitioner was chased and arrested, and he appeared in some evidentiary photographs. The prosecutor said "we" multiple times in closing argument. Combined with the photographs, petitioner argues that counsel should have objected that with the use of "we" the prosecutor was telling the jury about his personal knowledge of what had happened. In original ground 2, petitioner claimed that the trial court erred in denying a motion to disqualify the prosecutor because the prosecutor was part of the investigation and appeared in evidentiary photographs. Original ground 2 also included a claim that counsel failed to move to disqualify the prosecutor because he made indirect testimony, but petitioner did not allege any facts about what that indirect testimony was. Nobody reading the original petition would know that petitioner now claims that the prosecutor said "we" with respect to him personally being present at the location and time of the crime. Amended ground 5 does not relate back to the original petition.

Respondents also argue that petitioner has not exhausted his state-court remedies for amended grounds 2 through 5. The court does not address these arguments because the court has determined that the same grounds are untimely.

Reasonable jurists would not find the court's determination to be debatable or wrong, and the court will not issue a certificate of appealability.

1    IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 41) is
2 **GRANTED**. This action is **DISMISSED** with prejudice because it is untimely. The clerk of the
3 court shall enter judgment accordingly and close this action.
4    IT IS FURTHER ORDERED that a certificate of appealability will not issue.
5 DATED: *March 27, 2018*.

```
                                        _____
                                        ROBERT C. JONES
                                        United States District Judge
```